IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE MUNOZ | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CASE NO. |
| CERTAIN UNDERWRITERS AT | § | |
| LLOYD'S LONDON | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Defendant CERTAIN UNDERWRITERS AT LLOYD'S LONDON (hereinafter "Defendant"), in a cause styled *Jose Munoz v. Certain Underwriters at Lloyd's London*, originally pending as Cause No. 2019-59176 in the 215th Judicial District Court of Harris County, Texas, hereby respectfully files this Notice of Removal of that cause to the United States District Court for the Southern District of Texas, Houston Division, while fully reserving all rights and defenses, and as grounds therefore would respectfully show the Court as follows:

**NATURE OF THE PENDING STATE CASE**

1. On or about August 23, 2019, Jose Munoz ("Plaintiff"), filed a civil action styled *Jose Munoz v. Certain Underwriters at Lloyd's London*, under Cause No. 2019-59176 in the 215th Judicial District Court of Harris County, Texas.

2. This case is an insurance dispute wherein Plaintiff alleges in his Original Petition that the property located at 3605 Washington Street, Pasadena, Texas 77503, and insured under an insurance policy issued by Defendant, sustained damage on or about August 28, 2017.

Plaintiff asserts causes of action against Defendant for breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing.

3.      Defendant has attached the documents required to be filed with this Notice of Removal in compliance with Local Rule 81.[1]

## JURISDICTION

4.      Pursuant to 28 U.S.C. §1441(a), Defendant removes this action to the District Court of the United States for the Southern District of Texas, Houston Division, because it is the District and Division embracing the place where such action is pending. Additionally, this Court has diversity jurisdiction, as shown below, because the proper parties to this action are citizens of different countries and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

**A.      Diversity of the Parties**

5.      Plaintiff's Original Petition confirms that he resides in Harris County, Texas, and is a citizen of the State of Texas.[2]

**6.**      Defendant Certain Underwriters at Lloyd's, London is not a citizen of Texas. Defendant is an entity incorporated in the United Kingdom with its registered office at 1 Lime Street, London, EC3M 7HA.

**B.      Amount in Controversy**

7.      Plaintiff's Original Petition pleads that he seeks "monetary relief under $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's

---

[1] Plaintiff's Original Petition with proof of executed process, attached hereto as Exhibit "A;" copy of the state court docket sheet, attached hereto as Exhibit "B;" an index of matters being filed, attached hereto as Exhibit "C;" a list of all counsel of record, attached hereto as Exhibit "D;" and a Civil Cover Sheet, attached hereto as Exhibit "E."
[2] *See* Ex. A, at para. 4.

fees."[3] Immediately thereafter, in violation of the Texas Rules of Civil Procedure, Plaintiff's Original Petition specifically asserts "that she [*sic.*] seeks a maximum amount of damages that does not exceed the sum or value of $74,000, exclusive of interest and costs[,]"[4] and that "the matter in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs."[5]

8.      However, Plaintiff's Original Petition was not filed with a binding stipulation or affidavit that limits recovery to an amount below the jurisdictional threshold of this Court.[6] Plaintiff's attempt to avoid the Federal forum by pleading a specific amount in controversy that is less than the jurisdictional threshold is also controverted by Plaintiff's own pleadings, which seek, *inter alia*, exemplary damages and treble damages for alleged knowing violations of Chapter 541 of the Texas Insurance Code,[7] and penalty interest and attorneys' fees for alleged violations of Chapter 542 of the Texas Insurance Code.[8]

9.      As demonstrated below by a preponderance of the evidence, it is apparent both from Plaintiff's pleadings and summary judgment-type evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs.

### i.   The Fifth Circuit Standard

10.     Subject to several exceptions, the sum demanded in good faith in a Plaintiff's petition is generally deemed to be the amount in controversy.[9] One such exception is when "the State practice either does not permit demand for a specific sum or permits recovery of damages

---

[3] *See id.*, at para. 2.
[4] *Id.*
[5] *Id.*
[6] *See, e.g., De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995).
[7] *See* Ex. A, at paras. 21-25.
[8] *See id.*, at paras. 19-20.
[9] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938)); 28 U.S.C. § 1446(c)(2).

in excess of the amount demanded."[10] The Fifth Circuit has explicitly recognized the importance of this exception, and held that when a Plaintiff pleads a specific sum below the jurisdictional minimum (or a ceiling on damages "barely within the statutory limit"[11]) in contravention of state practice, "[s]uch manipulation is surely characterized as bad faith."[12]

11.     In such situations, the amount pleaded by the Plaintiff is no longer entitled to the deference of the general rule, and the removing defendant may demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.[13] This can be accomplished by showing that it is apparent from the face of the Plaintiff's petition that the claims are likely to exceed $75,000.00; or by providing "summary judgment-type evidence of facts in controversy" supporting the proposition that the jurisdictional minimum has been met.[14] To avoid removal, the Plaintiff must then show that "as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint."[15]

### ii. The Specific Amount Pleaded by Plaintiff Contravenes State Practice in Bad Faith and does not Control the Amount in Controversy.

12.     Texas law does not permit plaintiffs to plead specific amounts of damages, and instead requires that pleadings contain statements that the damages sought are within the jurisdictional limits of the state court, and that those damages fall within one or more allocated ranges of monetary value.[16] Plaintiff in this case specifically pleads "that she [*sic.*] seeks a maximum amount of damages that does not exceed the sum or value of $74,000, exclusive of

---

[10] 28 U.S.C. § 1446(c)(2)(A).
[11] *De Aguilar*, 47 F.3d at 1408.
[12] *Id*., at 1410.
[13] *Id*., at 1410-1411; 28 U.S.C. § 1446(c)(2).
[14] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674–75 (5th Cir. 2003).
[15] *De Aguilar*, 47 F.3d at 1411.
[16] *See* Tex. R. Civ. P. 47(b)-(c).

interest and costs[,]"[17] in contravention of the Texas Rules of Civil Procedure.[18]

13.     Consequently, because state practice does not permit Plaintiff to plead a specific amount of damages, the assertion in Plaintiff's Petition that he seeks no more than $74,000.00 is not entitled to the deference provided by § 1446(c)(2),[19] and Defendant is entitled to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[20]

### ii.   Plaintiff's Demand Letter and the Face of Plaintiff's Petition Demonstrate by a Preponderance of the Evidence that the Amount in Controversy Exceeds $75,000.00.

14.     On or about September 17, 2018, Plaintiff sent Defendant a demand letter[21] seeking a total of $41,178.61, which represents "economic damages" of $36,878.61 (based on an enclosed repair estimate for the same amount[22]), attorneys' fees in the amount of $2,300.00, and $2,000.00 for "other related expenses."[23] Plaintiff's Original Petition seeks to recover those damages, fees, and other amounts via causes of action for, *inter alia*, breach of contract and violations of Chapters 541 and 542 of the Texas Insurance Code.[24]

15.     Plaintiff alleges that Defendant "violated the Texas DTPA and/or Insurance Code, in whole or in part,"[25] and specifically pleads that Defendant violated Tex. Ins. Code §§ 541.051, 541.060, and 541.061, all of which allow a trier of fact to award up to three times the amount of Plaintiff's actual damages if the trier of fact finds that Defendant did so knowingly.[26] Not surprisingly, Plaintiff's Original Petition also alleges that Defendant "knowingly committed the

---

[17] *See* Ex. A, at para. 2.
[18] *See* Tex. R. Civ. P. 47.
[19] *See DeAguilar.*, 47 F.3d at 1410-11; 28 U.S.C. § 1446(c)(2).
[20] *See id.,* at 1411; § 1446(c)(2).
[21] A true and correct copy of which is attached hereto as Exhibit "F" and incorporated by reference herein as if set forth verbatim.
[22] *See* Ex. F, at pp. 3-16.
[23] *See id.*, at p. 2.
[24] *See* Ex. A, at paras. 17-28, 31.
[25] *Id.*, at para. 9.
[26] *See id.*, at paras. 21-25; *see also* Tex. Ins. Code § 541.152(a)-(b).

acts complained of[,]" and asserts Plaintiff's entitlement to exemplary and treble damages accordingly.[27] Plaintiff further alleges that Defendant failed "to pay for Plaintiff's losses and/or to follow the statutory time guidelines for accepting or denying coverage" in violation of Tex. Ins. Code § 542.051 *et seq*., and that Plaintiff is therefore also entitled to penalty interest and attorneys' fees under Tex. Ins. Code § 542.060.[28]

16.     As the above categories of damages are considered in ascertaining the amount in controversy,[29] the Fifth Circuit has held in similar cases that "lengthy list[s] of compensatory and punitive damages… when combined with attorney's fees, would exceed $75,000."[30] This is clearly the case in this matter, where the self-calculated actual damages figure of $36,878.61 asserted in Plaintiff's demand letter[31] combines with his claims seeking treble damages under Tex. Ins. Code § 541.152[32] for an amount in controversy that easily exceeds $110,000.00 under that Chapter alone. When adding punitive interest at the minimum possible penalty interest rate of 10% under Tex. Ins. Code § 542.060, the amount in controversy exceeds $117,000.00 as of this Notice of Removal without even considering the attorneys' fees Plaintiffs seeks under each of his pleaded causes of action.

17.     It is therefore clear from the foregoing summary judgment-type evidence, presented in Plaintiff's own words, that the amount in controversy exceeds the requisite jurisdictional minimum of $75,000.00.[33] As there is complete diversity of citizenship between Plaintiffs and Defendant, removal is proper under 28 U.S.C. § 1332(a).

---

[27] *See* Ex. A, at para. 25.
[28] *Id*., at paras. 19-20.
[29] *See St. Paul Reinsurance*, 134 F.3d at 1253 ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages—just not interest or costs."); *Manguno*, 276 F.3d at 723.
[30] *White*, 319 F.3d at 675-76.
[31] *See* Ex. F, at p. 2.
[32] *See* Ex. A, at paras. 21-25.
[33] *See Manguno*, 276 F.3d at 723.

## TIMING OF REMOVAL

18.     As Plaintiff's Original Petition was served on Defendant on September 11, 2019,[34] this Notice of Removal is filed within 30 days of receiving actual notice of the petition pursuant to 28 U.S.C. §1446(b), and is filed less than one year after commencement of the action, pursuant to 28 U.S.C. §1446(c). This Notice is therefore timely filed.

## NOTICE TO ADVERSE PARTIES AND STATE COURT

19.     As the removing party, Defendant will give Plaintiff prompt written notice of this Notice of Removal pursuant to 28 U.S.C. §1446(d).

20.     Defendant will also file a copy of this Notice of Removal with the 215th Judicial District Court of Harris County, Texas, where the state court action is currently pending, as required by 28 U.S.C. §1446(d).

## ANSWER

21.     Defendant has not filed a responsive pleading in the state court action, and will timely file an Answer to Plaintiff's lawsuit in this Honorable Court.

## JURY DEMAND

22.     Defendant hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## CONCLUSION AND PRAYER

23.     In light of the foregoing, Defendant respectfully removes this civil action styled *Jose Munoz v. Certain Underwriters at Lloyd's London*, under Cause No. 2019-59176 in the 215th Judicial District Court of Harris County, Texas.

24.     Defendant prays for such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

---

[34] *See* Ex. A, at pp. 9-10.

Respectfully submitted by,


*/s/ Les D. Pickett*
Les Pickett
   "Attorney-in-Charge"
   Federal I.D. No. 14306
   State Bar No. 15980520
Jake Kauffman
   Federal I.D. No. 2348262
   State Bar No. 24080594


OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
1301 McKinney Suite 1400
Houston, Texas 77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile
**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of October 2019, a copy of the above and foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

Anthony G. Buzbee
State Bar No. 24001820
tbuzbee@txattorneys.com
Christopher J. Leavitt
State Bar No. 24053318
cleavitt@txattorneys.com
THE BUZBEE LAW FIRM
JP MORGAN CHASE TOWER
600 Travis, Suite 6850
Houston, Texas 77002

AND

Stephen R. Walker
State Bar No. 24034729
swalker@manuelsolis.com
Gregory J. Finney
State Bar No. 24044430
gfinney@manuelsolis.com
Juan A. Solis
State Bar No. 24103040
jusolis@manuelsolis.com
LAW OFFICES OF MANUEL SOLIS, PC
6657 Navigation Blvd.
Houston, Texas 77011
***Attorneys for Plaintiff***

*/s/ Les D. Pickett*
Les Pickett
Jake Kauffman