8/23/2019 12:54 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36228665
By: Joshua Hall
Filed: 8/23/2019 12:54 PM

**2019-59176 / Court: 215**

CAUSE NO. _____

| | | |
|---|---|---|
| JOSE MUNOZ<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT COURT OF<br><br>HARRIS COUNTY, TEXAS |
| v. | §<br>§ | _____ JUDICIAL DISTRICT |
| CERTAIN UNDERWRITERS AT<br>LLOYD'S, LONDON<br>*Defendant* | §<br>§<br>§ | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF Jose Muñoz ("Plaintiff") and files this Original Petition against Certain Underwriters at Lloyd's, London ("Defendant") and, in support of thereof, would respectfully show the Court the following:

### I. DISCOVERY CONTROL PLAN AND MONETARY RELIEF

1. Plaintiff intends to conduct discovery under Level 2. Tex. R. Civ. P. 190.3.

2. Plaintiff seeks monetary relief under $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. Tex. R. Civ. P. 47(c)(1). Further, Plaintiff specifies that she seeks a maximum amount of damages that does not exceed the sum or value of $74,000, exclusive of interest and costs. Removal would be improper because there is no federal question. Plaintiff has not asserted any claims arising under the Constitution, treaties or laws of the United States of America. 28 U.S. Code § 1331. Further, removal would be improper because federal courts lack subject matter jurisdiction over this action, as the matter in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S. Code § 1332.

**EXHIBIT A**

## II. CONDITIONS PRECEDENT

3. Pursuant to Tex. R. Civ. P. 54, Plaintiff asserts that all conditions precedent to recovery have been performed or have occurred.

## III. PARTIES, JURISDICTION AND VENUE

### A. PARTIES

4. Plaintiff Jose Muñoz is a Texas resident, who resides in 3605 Washington St., Pasadena, Harris County, Texas.

5. Defendant Certain Underwriters at Lloyd's, London is an insurance company doing business in the State of Texas, which may be served through Mendes & Mount at 750 7th Ave. New York, NY 10019-6829.

### B. JURISDICTION

6. The Court has subject matter jurisdiction over this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of the Court.

7. The Court has both general and specific personal jurisdiction over Defendant. The Court has general jurisdiction over Defendant, as Defendant has sufficient minimum contacts with and within this State and has purposefully availed itself of the privilege of conducting activities within this State, thus invoking the benefits, protections, and obligations of this State's laws. Defendant's contacts with this State, which are continuous and systematic, include doing business in Texas, selling and delivering insurance products in Texas, entering into contracts for insurance in Texas with Texas residents, insuring property located in Texas, underwriting insurance policies in Texas, accepting policy premiums in Texas and adjusting insurance claims in Texas. This activity was not the unilateral activity of another party or a third person.

8. Defendant's contacts with Texas, relied upon by Plaintiff, were purposeful and were not random, fortuitous, or attenuated, and are thus subject to the jurisdiction of this State in suits based on its activities. The Court has jurisdiction over Defendant because: (1) Defendant purposefully availed itself of the benefits of conducting activities in Texas, and (2) the cause of action arises from or relates to those contacts or activities.

9. The Court has specific jurisdiction over this matter as it involved the execution, performance, and breach of a Texas insurance contract with Plaintiff, who is a Texas resident, with regards to an insured risk and/or property located in Texas. As a matter of law, Defendant conducted business in this State because, without limitation, Defendant conducted the business of insurance in Texas and committed one or more torts and/or violated the Texas DTPA and/or Insurance Code, in whole or in part in this State, against Plaintiff in Harris County, Texas. Defendant has sufficient and/or minimum contacts with this State, and thus Plaintiff affirmatively assert the Court's exercise of jurisdiction over Defendant comports with "traditional notions of fair play and substantial justice."

C. **VENUE**

10. Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(1). The property subject to this dispute and which is owned by Plaintiff is located in Harris County. The insurance policy insuring the property was executed in Harris County. The damage to the property resulted from an event or occurrence in Harris County. The resulting insurance claim that was made by Plaintiff, the property inspection performed by Defendant, and the denial and/or underpayment of the insurance claim by Defendant occurred in Harris County.

## IV. FACTUAL BACKGROUND

11. Jose Muñoz is a named insured under a property insurance policy issued by Certain Underwriters at Lloyd's, London. The policy number is ***2401.

12. Hurricane Harvey caused major wind damage to thousands of homes in the Southeast Texas area. Hurricane Harvey's winds were sufficient to cause damage as evidenced in this claim.. Thereafter, Plaintiff's subsequently filed a claim on his insurance policy.

13. Defendant improperly denied and/or underpaid the claim.

14. Defendant conducted a substandard investigation and inspection of the property, prepared a report, which did not include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

15. Specifically, On August 28, 2017, Hurricane Harvey hit the Texas coast, which included Harris County. The impact of this storm caused roof and interior damage to Plaintiff's property. Due to the roof damage, water entered into the house. As a result, the water damaged the ceiling and stained the walls. Additionally, PLaintiff's fence was damaged. Thereafter, Plaintiff filed a claim on his insurance policy.

16. Defendant performed an outcome-oriented investigation of Plaintiff's claim. Defendant's (improper) claims handling included Defendant's biased claims adjustment, and an unfair and inequitable evaluation of Plaintiff's losses on the property. In addition, Defendant's claims handling included both an unreasonable investigation and underpayment of Plaintiff's claim.

## V. CAUSES OF ACTION AND ATTORNEY'S FEES

17. Plaintiff incorporates the foregoing for all purposes.

**A. BREACH OF CONTRACT**

18. Plaintiff and Defendant entered into an insurance contract. Defendant breached this contract by, without limitation, inadequately and/or improperly investigating Plaintiff's insurance claim, wrongfully denying and/or underpaying the claim. Defendant damaged Plaintiff through its actions and/or inactions described herein.

**B.  PROMPT PAYMENT OF CLAIMS STATUTE**

19. Defendant's failure to pay for Plaintiff's losses and/ or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542. 051 *et seq.* of the Texas Insurance Code.

20. In addition to Plaintiff's claim for damages, Defendant's violation of the Tex. Insurance Code entitles Plaintiff to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.  BAD FAITH**

21. Defendant is an insurance company and insured Plaintiff's property. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

22. Defendant violated Section 541.051 of the Texas Insurance Code by, without limitation:

   1. Making statements misrepresenting the terms and/or benefits of the policy.

23. Defendant also violated Section 541.060 by, without limitation:

   1. Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

   2. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

3. Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromised settlement of a claim;

4. Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and/or

5. Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

24. Defendant violated Section 541.061 by, without limitation:

1. Making an untrue statement of material fact;

2. Failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

3. Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

4. Making a material misstatement of law; and/or

5. Failing to disclose a matter required by law to be disclosed.

25. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

**D. ATTORNEYS' FEES**

26. Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

27. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because an attorney that represents Plaintiff

presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

28. Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VI. Tex. R. Civ. P. 193.7 Notice.

29. Pursuant to Tex. R. Civ. P. 193.7, the undersigned hereby notifies all parties and counsel of record that Plaintiff may introduce into evidence at the time of trial or pre-trial, those documents produced by all parties in response to requests for production and/or requests for disclosure in this matter.

## VII. Jury Demand

30. Pursuant to Tex. R. Civ. P. 216, Plaintiff hereby demands trial by jury and has tendered the appropriate fee.

## VIII. Prayer

31. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that, after due process of law, Plaintiff have judgment against Defendant for actual damages, together with exemplary damages, statutory damages, treble damages, statutory interest, pre-judgment interest, post-judgment interest, attorneys' fees, costs of suit, and for all such other and further relief, both general and special, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

### THE BUZBEE LAW FIRM

By: /s/ Anthony G. Buzbee
    Anthony G. Buzbee
    State Bar No. 24001820
    tbuzbee@txattorneys.com
    Christopher J. Leavitt
    State Bar No. 24053318
    cleavitt@txattorneys.com
    JP Morgan Chase Tower
    600 Travis, Suite 6850
    Houston, Texas 77002
    Telephone: (713) 223-5393
    Facsimile: (713) 223-5909

AND

### LAW OFFICES OF MANUEL SOLIS, PC

By: /s/ Stephen R. Walker
    Stephen R. Walker
    State Bar No. 24001820
    Texas Bar No. 24034729
    Gregory J. Finney
    Texas Bar No. 24044430
    Juan A. Solis
    Texas Bar No. 24103040
    6657 Navigation Blvd.
    Houston, TX 77011
    Phone: (713) 277-7838
    Fax: (281) 377-3924
    swalker@manuelsolis.com
    gfinney@manuelsolis.com
    jusolis@manuelsolis.com

**ATTORNEYS FOR PLAINTIFF**

Case 4:19-cv-03846 Document 1-1 Filed on 10/04/19 in TXSD Page 9 of 10

9/25/2019 11:02 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37106537
By: Joshua Bovell
Filed: 9/25/2019 11:02 AM

CAUSE NO. 201959176

RECEIPT NO. 0.00 CIV
\*\*\*\*\*\*\*\*\*\*
TR # 73662986

PLAINTIFF: MUNOZ, JOSE
vs.
DEFENDANT: CERTAIN UNDERWRITERS AT LLOYD'S LONDON

In The 215th
Judicial District Court
of Harris County, Texas
215TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: CERTAIN UNDERWRITERS AT LLOYD'S LONDON (AN INSURANCE COMPANY) BY
SERVING MENDES & MOUNT
750 7TH AVENUE NEW YORK NY 10019 - 6829
Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 23rd day of August, 2019, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 27th day of August, 2019, under my hand and seal of said Court.

Issued at request of:
LEAVITT, CHRISTOPHER JERROD
600 TRAVIS STREET SUITE 7300
HOUSTON, TX 77002
Tel: (713) 223-5393
Bar No.: 24053318

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: HALL, JOSHUA EVERETT GLH//11309769

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.
Executed at (address) _____ in
_____ County at _____ o'clock ____.M., on the _____ day of _____,
_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____ copy(ies) of the Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____
Affiant

_____ of _____County, Texas

By _____
Deputy

On this day,

NO. 2019-59176

| | | |
|---|---|---|
| JOSE MUNOZ | § § § | |
| VS. | § § § | IN THE 215TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON | § | |

### AFFIDAVIT OF SERVICE

**BEFORE ME**, the undersigned authority, _AUGUSTUS WILSON_ (Process Server), personally appeared **on this** _11_ **day of** _September_, 2019 and stated under oath as follows:

1. My name is _AUGUSTUS WILSON_ (server). I am authorized to deliver Texas Legal documents under rule 108 T.R.C.P.. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: _301 New York Ave Union City NJ 07087_
**(SERVERS ADDRESS)**

2. ON _September 11_ (DATE) AT _8:30_ (A)M (TIME), CITATION AND PLAINTIFF'S ORIGINAL PETITION came to hand for delivery to **CERTAIN UNDERWRITERS AT LLOYD'S LONDON (AN INSURANCE COMPANY) BY SERVING MENDES & MOUNT LLP**.

3. ON _September 11_ (DATE) AT _1:07_ (P) M (TIME) The above named documents were hand delivered to: **CERTAIN UNDERWRITERS AT LLOYD'S LONDON (AN INSURANCE COMPANY) BY SERVING MENDES & MOUNT LLP** by hand delivering to:

_HEATHER CALVARO ATTORNEY AT LAW_
**(NAME AND TITLE)** a person authorized to accept service @

_750 7th Ave New York, NY 10019_
**(ADDRESS)**, in Person, in accordance to Rule 108 TRCP.

**FURTHER AFFIANT SAYETH NOT.**

_____
**SERVER'S SIGNATURE**

_Augustus Wilson_
**SERVER'S PRINTED NAME**

**SWORN TO AND SUBSCRIBED** before me by _Augustus Wilson 3rd_ (server) appeared on **this** _17th_ day of _September_, 2019 to attest witness my hand and seal of office.

LILIANA B ARCE
Notary Public, State of New York
Registration #01AR6268645
Qualified In Queens County
Commission Expires 01/31/2020

**NOTARY PUBLIC IN AND FOR THE STATE OF** _New York_

2019.08.406212

*Unofficial Copy Office of Marilyn Burgess District Clerk*